■ JACOB WEINBERG, Respondent, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, Appellant.—In an action, *inter alia,* for reformation, based on mistake, of plaintiff's choice of a retirement plan, defendant appeals from an order of the Supreme Court, Kings County, dated November 23, 1976, which denied its motion for summary judgment. Order affirmed, with $50 costs and disbursements. The trial court properly denied the motion for summary judgment. The record presents disputed factual issues which cannot be resolved on the papers submitted on this motion, and which require a trial for their determination. Cohalan, Acting P. J., Hawkins, Suozzi and Mollen, JJ., concur.

■ In the Matter of WILLIAM O., Appellant.—In a proceeding pursuant to article 7 of the Family Court Act, the appeal is from an order of disposition of the Family Court, Queens County, dated March 24, 1975, which, upon an adjudication after a fact-finding hearing that appellant had committed acts which, if committed by an adult, would constitute the crimes of arson in the second degree, criminal mischief in the second degree, resisting arrest, escape in the second degree, and attempted assault in the second degree, adjudicated him a juvenile delinquent and suspended judgment for a period of 12 months. Order reversed, on the law and the facts, without costs or disbursements, and petition dismissed. The circumstantial evidence linking appellant to the acts of arson and criminal mischief does not exclude to a moral certainty every other hypothesis consistent with his innocence (see *People v Lewis,* 275 NY 33, 39). Moreover, the charges of escape in the second degree and resisting arrest were not proven, since (1) appellant was still in custody while locked in his house, as both doors were guarded and he was merely following his mother's directions not to let anyone in the house before she came home, and (2) his reaction to the officers breaking into the house was merely the natural reaction of a frightened and confused 13-year-old boy, when faced with something incomprehensible. Martuscello, Acting P. J., Titone and Mollen, JJ., concur; Cohalan and Rabin, JJ., concur in the finding that the charges of criminal mischief in the second degree, resisting arrest, escape in the second degree and attempted assault in the second degree were not established, but otherwise dissent and vote to affirm the balance of the order on the ground that appellant had committed acts which, if done by an adult, would constitute the crime of arson in the second degree.